IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH EHRP and<br>CALVIN DIEHL,<br><br>Defendants. | No. 19-CR-4093-LTS<br><br>**SUPESEDING INDICTMENT**<br><br>Count 1<br>    18 U.S.C. § 371:<br>    Conspiracy<br>    (Ehrp and Diehl)<br><br>Count 2<br>    7 U.S.C. § 87c and<br>    18 U.S.C. § 2(b):<br>    Prohibited Grain Practice<br>    (Ehrp)<br><br>Counts 3 and 4<br>    18 U.S.C. § 1014 and § 2(b):<br>    False Statement<br>    (Ehrp) |

## Introduction

At all relevant times to this Indictment:

### *The United States Warehouse Act*

1.     The United States Warehouse Act, 7 U.S.C. § 241 *et seq.* (USWA),

authorizes the Secretary of the United States Department of Agriculture (USDA) to

license warehouse operators who store agricultural products.  Agricultural

warehouses enable farmers to market commodities throughout the year and not just

at harvest times.

2.      Applying for a USWA license is voluntary. Warehouse operators that choose to apply to the Secretary for a warehouse license must meet the USDA standards established within the USWA and its regulations. For example, licensees must submit to periodic onsite inspections to verify their reported grain inventories. USWA licensure offers producers and depositors the benefit of uniform, nationally recognized warehouse procedures and standards.

3.      The USDA's Farm Services Agency (FSA) administers the USWA. Periodically, licensees must truthfully complete and certify USDA-FSA Form WA-308, Warehouse Operator's Statement and Examiner's Comparison of Obligations and Stocks. To ensure the USWA warehouse licensee's inventory is consistent with its obligations to the farmers and other depositors that have entrusted their grain to the warehouse, an FSA warehouse examiner compares the measured inventories at each of the licensee's facilities with the warehouse operator's certified statement of total stocks and obligations.

4.      The USWA's licensure system, including the inspections and certifications above, protects the farmers who deposit their agricultural commodities in public storage by ensuring the financial integrity of the warehouse industry. The USWA ensures that these licensed agricultural warehouses maintain the quantity and quality of grain stored for farmers and other depositors.

*The United States Grain Standards Act*

5.      The United States Grain Standards Act, 7 U.S.C. § 71 *et seq.* (GSA), and the administrative rules promulgated thereunder, establish marketing

standards for domestic and foreign grain. For purposes of the GSA, grain includes corn, soybeans, and oats. 7 U.S.C. § 75(g).

6.     No dockage or foreign material of any origin may be added to any grain that is marketed in, or exported from, the United States. 7 U.S.C. § 87b(d)(1)(B). Prohibited foreign material includes any kind of grain other than the grain marketed or exported.

7.     Under the GSA and its regulations, it is a prohibited grain practice to blend different kinds of grain together except (1) when such blending will result in grain being officially designated as "mixed grain" or (2) the Administrator of the Grain Inspection, Packers, and Stockyards Administration (GIPSA) (today, the Administrator of the Agricultural Marketing Service) grants an official exemption. 7 C.F.R. § 800.61(b)(2).

### Cooperative-1

8.     Cooperative-1 is a USWA-licensed warehouse operator headquartered in Sioux Center, Sioux County, Iowa, within the Northern District of Iowa. Cooperative-1 also operates satellite facilities in the Northern District of Iowa and elsewhere. In various storage bins and elevators at its headquarters and satellite facilities, Cooperative-1 stores various kinds of grain, primarily corn and soybean. Cooperative-1 holds stocks of both farmer-owned and company-owned grain. This grain was subject to USDA regulations concerning blending different types of grain together.

9. Defendant KENNETH EHRP was Cooperative-1's General Manager. Defendant CALVIN DIEHL was Cooperative-1's Assistant General Manager. Together, defendants KENNETH EHRP and CALVIN DIEHL, acting as Cooperative-1's responsible corporate officials, oversaw Cooperative-1's day-to-day operations and its dozens of employees.

10. As relevant here, at no time did Cooperative-1, or defendants KENNETH EHRP or CALVIN DIEHL, officially designate blended grain as "mixed grain" or obtain an official exemption from the Administrator of GIPSA to blend grain. Therefore, at all relevant times, it was a prohibited grain practice for Cooperative-1 to blend together different grains, such as soybeans and oats.

11. At all relevant times, soybean was a more valuable commodity than oats. On March 31, 2017, for example, the market price for soybean was $9.69 per bushel. By contrast, the market price of oats was $2.39 per bushel on that date.

*Lender-1*

12. Cooperative-1 had a revolving operating loan with Lender-1, a bank for cooperatives that is a member of the Farm Credit System and whose debt is insured by the Farm Credit System Insurance Corporation. As part of Lender-1's lending arrangement with Cooperative-1, Lender-1 required Cooperative-1 to provide Lender-1 with monthly reports that established Cooperative-1's borrowing base under the loan. In the monthly reports, Lender-1 required Cooperative-1 to identify the value of its grain inventory.

## Count 1
## Conspiracy

### *The Conspiracy and its Objects*

13.     Paragraphs 1 through 12 are incorporated here.

14.     Beginning no later than about 2011, and continuing until about April 2017, within the Northern District of Iowa and elsewhere, defendants KENNETH EHRP and CALVIN DIEHL, together with others known and unknown to the grand jury, knowingly and intentionally combined and conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental functions of a government agency, namely the United States Department of Agriculture ("USDA"), **and to commit offenses against the United States, to wit, the violation of law charged in Count Two below.**

### *Manner and Means of the Conspiracy*

15.     It was a part of the conspiracy that the co-conspirators did by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the USDA, in that the co-conspirators did knowingly blend oats into soybeans and conceal such prohibited grain practice from USDA inspectors.

16.     It was part of the conspiracy that the co-conspirators would blend oats into soybeans; make false statements and execute false certificates to USDA inspectors; instruct Cooperative-1's employees to layer soybeans on top of oats in both its storage bins and its trucks to deceive USDA inspectors and its customers about the quality and quantity of the grain within Cooperative-1's inventory and the quality

and quantity of the grain Cooperative-1 sold, respectively; and make false entries and adjustments in Cooperative-1's daily position reports (DPRs).

*Overt Acts*

17.     In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed by the co-conspirators in the Northern District of Iowa and elsewhere:

a.     On or about April 10, 2017, defendant CALVIN DIEHL instructed an unindicted co-conspirator to "blend oats at all times";

b.     On or about March 30, 2017, an unindicted co-conspirator falsely certified on a USDA-FSA Form WA-308 and to a USDA Warehouse Examiner that, on March 27, 2017, at 5:00 p.m., Cooperative-1 had a grand total of only 5,007 bushels of oats at its facility at Sioux Center, Iowa;

c.     On or about March 27, 2017, defendant CALVIN DIEHL falsely indicated to a USDA-FSA Warehouse Examiner that he did not know why a pile of oats was located next to a pile of soybeans at one of Cooperative-1's satellite facilities;

d.     On or about March 22, 2017, unindicted co-conspirators who were supervised by defendants KENNETH EHRP and CALVIN DIEHL, before truckloads of soybeans were delivered to one of Cooperative-1's customers, buried oats at the bottom of the truckloads, which the customer later discovered and rejected because the customer's business relied upon, and paid for, the higher protein content of soybeans and not the lower protein content of oats;

e.      In about March 2017, and shortly before a USDA inspector inspected grain at the top of one of Cooperative-1's bins, unindicted co-conspirators who were supervised by defendants KENNETH EHRP and CALVIN DIEHL added or "layered" soybeans on top of the grain already in a bin to cover up the blended grain, also known as "special beans," in the bin below and in such a manner as to make it appear to the inspector that the bin only contained soybeans;

f.      Beginning no later than about 2011, and continuing until about April 2017, unindicted co-conspirators who were supervised by KENNETH EHRP and CALVIN DIEHL blended lower value oats into higher value soybeans;

g.      Beginning no later than about 2011, and continuing until about April 2017, unindicted co-conspirators who were supervised by KENNETH EHRP and CALVIN DIEHL fulfilled Cooperative-1's soybean orders by having truckers deliver soybeans that had been blended with oats;

h.      In about August 2016, a co-conspirator falsely stated and represented to Cooperative-1's certified public accountants, who were preparing fiscal year end 2016 audited financial statements for Cooperative-1, that Cooperative-1 had "shrank" approximately 50,000 bushels of oats during fiscal year 2016;

i.      In about September 2016, defendant CALVIN DIEHL falsified DPRs to conceal shortages of soybeans in Cooperative-1's inventories;

18.      This was in violation of Title 18, United States Code, Section 371.

## Count 2
## Prohibited Grain Practice

19. Paragraphs 1 through 12 are incorporated here.

20. Beginning no later than about 2011, and continuing until about April 2017, within the Northern District of Iowa and elsewhere, defendant KENNETH EHRP did willfully cause employees of Cooperative-1 to commit an offense prohibited by Section 87b of Title 7, United States Code, namely, adding dockage and foreign material of any origin, specifically, oats, to soybeans, a grain.

21. This was in violation of Title 7, United States Code, Sections 87c and 87b(d)(1)(B) and Title 18, United States Code, Section 2(b).

## Count 3
## False Statement

22. Paragraphs 1 through 12 are incorporated here.

23. On or about April 25, 2017, in Sioux Center, Sioux County, Iowa, within the Northern District of Iowa, defendant KENNETH EHRP did willfully cause Cooperative-1's controller, C.K., to make a false statement and report as of March 31, 2017, and overvalue property and security, for the purpose of influencing the action of Lender-1 upon a loan. Specifically, defendant KENNETH EHRP did willfully cause C.K. to overstate and overvalue Cooperative-1's eligible grain inventory in a seasonal borrowing base report to Lender-1.

24. This was in violation of Title 18, United States Code, Sections 1014 and 2(b).

8

## Count 4
## False Statement

25.     Paragraphs 1 through 12 are incorporated here.

26.     On or about March 31, 2017, in Sioux Center, Sioux County, Iowa,

within the Northern District of Iowa, defendant KENNETH EHRP did willfully

cause Cooperative-1's controller, C.K., to make a false statement and report as of

February 28, 2017, and overvalue property and security, for the purpose of

influencing the action of Lender-1 upon a loan.  Specifically, defendant KENNETH

EHRP did willfully cause C.K. to overstate and overvalue Cooperative-1's eligible

grain inventory in a seasonal borrowing base report to Lender-1.

27.     This was in violation of Title 18, United States Code, Sections 1014

and 2(b).

A TRUE BILL

/s/

Foreperson                          5-26-20
                                    Date

PETER E. DEEGAN, JR.
United States Attorney

By: Timothy L. Van

TIMOTHY L. VAVRICEK
Assistant United States Attorney

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY

And filed __MAY 2 6 2020__
ROBERT L. PHELPS, CLERK